### P., C. & St. L. R. R. Co. v. Blakemore & Kinsey.

CONTRACT OF SHIPMENT—VERBAL AGREEMENT DIFFERENT THAN BILL.

Where a verbal contract of shipment is made by which freight is to be carried to its destination, but the bill of lading then made is merely to carry to the next carrier, the shipper not noticing this, the verbal contract is competent evidence, and the burden is on the carrier, to show assent by the shipper to a change in its terms.

ERROR to the Court of Common Pleas of Hamilton county.

Cox, J.

In the court below, Blakemore & Kinsey brought suit against the P., C. & St. L. R. R. Co., charging that, on October 3, 1881, said road was a common carrier from Yellow Springs, Ohio, to Fredericksburg, Va., and that on that day one Little shipped to the order of plaintiffs, by the defendant, a lot of wheat, the property of plaintiffs, to Fredericksburg, Virginia, a portion of which defendant failed to deliver.

In a second count a similar shipment was averred. On October 17, defendant answered, admitting that it was a corporation and a common carrier at the date charged, but setting up a written contract in the form of a bill of lading, by which it obligated itself to deliver the wheat to the end of its road at Pittsburg, Pa., and then in good condition to a connecting road, and averring that it had delivered it in good condition to the connecting line at Pittsburg, Pa. To this answer there was no reply denying the same.

Testimony was offered by plaintiffs to prove that the agent of plaintiffs, at Cincinnati, had, on September 27, made a verbal contract with the agent of defendant for a through rate, at $22\frac{1}{2}$ cents per hundred, from Yellow Springs, Ohio, to Fredericksburg, Va., and that said contract was made by defendant's agent after consultation with the authorities constituted by agreement among the connecting roads, and that in accordance with that agreement he had instructed the agent of defendant at Yellow Springs to ship the wheat at the agreed rate. The testimony was objected to by the defendant on the ground that it was a variation from the allegations of the petition, as it was a verbal contract made several days before the shipment. The court overruled the objection, and that is assigned as ground of error.

The petition was not upon a special contract, but was founded on the common law liability of defendant, that, being a common carrier and receiving freight to be transported to a given point, it was the duty of defendant to carry safely to the point of destination, and failing to do so was liable for the damages that may have occurred. We are of opinion that the testimony was proper, and the court did not err in receiving it.

The defendant offered in evidence a bill of lading, issued to Little at Yellow Springs, which was delivered to him after the wheat was placed in the cars, and in terms provided for carrying the wheat at $22\frac{1}{2}$ cents per hundred, as fixed by the agent at Cincinnati, but limiting the responsibility of the carrier to a delivery to a connecting line at Pittsburg, the end of the line, which bill of lading was

received by Little without reading, and by him sent to plaintiffs at Cincinnati, who, without reading the terms, endorsed it and forwarded it with draft on Fichler & Co. to a bank at Fredericksburg, Va., for collection.

The court charged the jury properly that defendant could not thus limit its liability to carry safely to Fredericksburg, Va., unless the terms of the contract were known and assented to by the shipper, and unless said assent was proven, plaintiffs were entitled to recover.

The defendant asked the court to charge the jury, that if the terms of this bill of lading were known and assented to by plaintiffs, they could not recover, unless they proved that defendant had not safely transported the wheat to the end of its line at Pittsburg, and safely delivered it to the connecting line. This charge, we think, the court properly refused.

The plaintiffs having averred an obligation on the part of defendant to safely carry to Fredericksburg, Va., were bound to prove that it was not so carried before they could recover. But the defendant having set up a different contract, by which it had agreed to carry only to Pittsburg, and had done so, and thus was not liable on the claim made by plaintiffs, was bound to prove that that contract was known and assented to by plaintiffs, and that defendant had fully performed it, otherwise it was no defense to plaintiffs' action.

The jury having returned a verdict for plaintiffs, the court refused to grant a new trial, and entered judgment on the verdict. In this there was no error.

Judgment affirmed.

SMITH and SWING, JJ., concurred.

Ramsey, Maxwell & Matthews, for plaintiff in error.

S. M. Johnson, for defendants in error.